IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABDULHAKIM MUHAMMAD,
   *Plaintiff*,

v.

STATE OF MARYLAND, *et al.*,
   *Defendants*.

Civil Action No. ELH-11-3761

**MEMORANDUM**

    This case originated in the Circuit Court for Baltimore City, Maryland, and was removed to this Court by defendants on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441; Notice of Removal (ECF 1). Plaintiff sued the State of Maryland, the Maryland Transit Administration ("MTA"),[1] and Officer John Brandenberg of the MTA police. He alleges various federal and state constitutional and tort claims arising out of his arrest on August 24, 2008 by Officer Brandenberg. *See* Complaint (ECF 2). In particular, he asserts six counts: malicious prosecution (Count I); false imprisonment (Count II); false arrest (Count III); assault and battery (Count IV); violation of Articles 24 and 26 of the Maryland Declaration of Rights (Count V); and violations of the Fourth and Fourteenth Amendments, by way of a claim under 42 U.S.C. § 1983 (Count VI).[2] Defendants have filed a motion to dismiss (ECF 11). Plaintiff was afforded an extension of time to respond to the motion to dismiss, *see* ECF 21, 22, but has failed to file an opposition.[3]

---

   [1] Plaintiff's complaint misidentifies the MTA as the "Maryland Transit Authority." The Clerk will be directed to correct the MTA's name on the docket.

   [2] Count VI was erroneously captioned as a second "Count I" in the Complaint. *See* Complaint at 6.

   [3] Judges in this district have held that, by failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim. *See Ferdinand-Davenport v. Children's*

Upon consideration of defendants' motion to dismiss, I find that a hearing on the motion is not necessary, *see* Local Rule 105.6, and conclude that dismissal of some, but not all, of plaintiff's claims is warranted. Accordingly, I will grant the motion in part and deny it in part.

## Discussion

First, defendants argue that the State, the MTA, and Officer Brandenberg in his official capacity enjoy sovereign immunity from suit in federal court, pursuant to the Eleventh Amendment. However, plaintiff filed his suit in state court; the defendants subsequently removed the action to federal court. As defendants acknowledge, under the Maryland Tort Claims Act ("MTCA"), "the immunity of the State and of its units is waived as to a tort action, *in a court of the State*, to the extent provided" by the MTCA. Md. Code (2009 Repl. Vol., 2011 Supp.), § 12-104(a)(1) of the State Government Article (emphasis added). When a state voluntarily removes a case from state court to federal court, having waived sovereign immunity in its own courts as to claims asserted in the lawsuit, it is deemed to have waived Eleventh Amendment immunity in the federal action as to those claims. *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616-24 (2002); *see also Stewart v. North Carolina*, 393 F.3d 484, 487-91 (4th Cir. 2005). Therefore, plaintiff's state law claims are not subject to dismissal on Eleventh Amendment grounds.

---

*Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Stewart Title Guar. Co. v. Sanford Title Servs., LLC*, Civ. No. ELH-11-620, 2012 WL 5547997, at *3 (D. Md. Nov. 10, 2011) ("The failure to respond to [a] Motion [to dismiss] is tantamount to a waiver of any opposition on the merits."). Nevertheless, "the Court need not grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit." *United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D. Md. Aug. 25, 2000). *Cf. Campbell v. Hewitt, Coleman & Assocs, Inc.*, 21 F.3d 52, 55 (4th Cir. 1994) ("While the non-moving party runs a great risk by not responding, such positive action is not required in all instances because the court still may only grant summary judgment if appropriate."); *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (stating that the non-movant's "failure to respond . . . does not fulfill the burdens imposed on moving parties by Rule 56").

Second, defendants argue that Count VI of plaintiff's complaint, which alleges a cause of action under 42 U.S.C. § 1983, fails to state a claim upon which relief can be granted against the State, the MTA, or Officer Brandenberg in his official capacity, because neither a state, its agencies, nor its officers in their official capacities are "persons" who can be sued under § 1983. Defendants are correct in this assertion. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," when sued for money damages); *see also id.* at 70 (stating that holding applies "to States or governmental entities that are considered 'arms of the State'"). *See also Weide v. Mass Transit Admin.*, 628 F. Supp. 247, 251 (D. Md. 1985) (dismissing § 1983 claim against MTA's predecessor agency on ground that it is not a "person" amenable to suit under § 1983).[4]  Accordingly, Count VI will be dismissed as to the State, the MTA, and Officer Brandenberg in his official capacity. It will not be dismissed as to Officer Brandenberg in his individual capacity. *See Hafer v. Melo*, 502 U.S. 21, 23 (1991) (holding that "state officials sued in their individual capacities are 'persons' for purposes of § 1983").[5]

Third, defendants argue that Officer Brandenberg is entitled to statutory immunity from plaintiff's state law claims, pursuant to the MTCA's grant of immunity "for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence." Md. Code (2006 Repl. Vol., 2011 Supp.), § 5-522(b) of the Courts & Judicial Proceedings Article. However, plaintiff expressly asserts that Officer Brandenberg acted "with actual malice," Complaint ¶¶ 15, 21, 28, and, more importantly, plaintiff's complaint

---

[4] Suits for injunctive relief against state officers in their official capacities are not barred under § 1983. *See Will*, 491 U.S. at 71 n.10 (citing, *inter alia*, *Ex parte Young*, 209 U.S. 123 (1908)). In this case, however, plaintiff seeks only monetary relief. *See* Complaint at 8.

[5] Defendants also assert, in a footnote, that Brandenberg is entitled to qualified immunity as to the § 1983 claim. *See* ECF 11-1 at 2 n.2. However, they present no argument or authority to support that position and, in the absence of analysis by the parties, I will not rule on the issue.

alleges facts that, taken in the light most favorable to him, could establish actual malice if ultimately supported by evidence and believed by a fact finder.

Under Maryland law, malice for purposes of MTCA immunity refers to so-called "actual malice," *i.e.* "conduct 'characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud.'" *Lee v. Cline*, 384 Md. 245, 268, 863 A.3d 297, 311 (2004). "[S]tate personnel are not immune from suit and liability in tort when the plaintiff's complaint *sufficiently* alleges malice or gross negligence." *Barbre v. Pope*, 402 Md. 157, 181-82, 935 A.2d 699, 714 (2007) (emphasis in original).

The incident in question here allegedly occurred when Officer Brandenberg approached plaintiff outside the Baltimore Convention Center, where plaintiff was selling tickets to a baseball game. Complaint ¶¶ 3-4. Plaintiff avers that Officer Brandenberg confiscated his tickets and that, when he asked for documentation of the confiscation of his tickets and to speak with Brandenberg's supervisor, Brandenberg responded by spraying him in the eyes with pepper spray and taking $500 from his pocket. *Id.* ¶ 5. According to plaintiff, he did not at any time threaten Officer Brandenberg, disobey his orders, resist arrest, or engage in disorderly conduct. *Id.* ¶ 6. Nevertheless, in plaintiff's account, Officer Brandenberg arrested him without probable cause and falsely charged him with failure to obey an order, disorderly conduct, and resisting arrest, all of which were later placed on the inactive ("stet") docket. *Id.* ¶¶ 7-8. These allegations, if proven, could establish actual malice. *See, e.g.*, *Barbre*, 402 Md. at 186, 935 A.2d at 716 (plaintiff sufficiently alleged malice where officer shot him in the neck while his hands were raised in surrender); *Lee*, 384 Md. at 269-70, 863 A.2d at 312 (plaintiff sufficiently alleged malice where officer extended traffic stop and called for canine search without justification, yelled at plaintiff, and described plaintiff to dispatcher, without justification, as an

"uncooperative suspect"); *Okwa v. Harper*, 360 Md. 161, 182, 757 A.2d 118, 129 (2000) (plaintiff sufficiently alleged malice where arresting officers "beat [plaintiff] about his head and neck while they twisted his thumbs"); *Sawyer v. Humphries*, 322 Md. 247, 261, 587 A.3d 467, 474 (1991) (plaintiff sufficiently alleged malice where officer, unprovoked and without cause, threw rock at plaintiff's vehicle, wrestled him to the ground, grabbed him by hair, and repeatedly hit his face, saying that he was "going to kill" plaintiff).

Finally, defendants argue generally that plaintiff's allegations are "wholly conclusory," ECF 11-1 at 10, and thus do not satisfy the pleading standard of "plausibility" enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). However, defendants' argument in this respect is, itself, conclusory. Based on my review of the complaint, including the alleged facts set forth above, I am satisfied that it contains sufficient specificity to state a claim for relief, and that discovery as to plaintiff's claims is warranted.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss (ECF 11), will be granted in part and denied in part. In particular, Count VI will be dismissed as to the State of Maryland, the MTA, and Officer Brandenberg in his official capacity. Count VI remains pending against Officer Brandenberg in his individual capacity. None of the other counts in plaintiff's complaint will be dismissed.

Date: March 20, 2012            /s/
                                Ellen Lipton Hollander
                                United States District Judge